**UNITED STATES DISTRICT COURT**          **PRIORITY SEND**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.     **CV 11-8888-JFW (PLAx)**                    Date:  November 18, 2011

Title:          Teresa Rodriguez *-v-* Alcatel-Lucent USA, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

|  |  |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                        None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO LOS ANGELES**
                                    **SUPERIOR COURT;**

                                    **ORDER STAYING REMAND ORDER UNTIL**
                                    **NOVEMBER 30, 2011.**

On September 29, 2011, Plaintiff Teresa Rodriguez ("Plaintiff") filed a Complaint against Defendants Alcatel-Lucent USA, Inc. and Stella Gales in Los Angeles Superior Court.  On October 26, 2011, Defendant Alcatel-Lucent USA, Inc. ("Alcatel-Lucent") filed a Notice of Removal of Action ("Notice of Removal").

The removing party has the burden of establishing that removal is proper, and must strictly comply with the removal statute.  Any doubts about the right to remove are resolved against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  28 U.S.C. § 1446(b) provides that a "notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).   "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint."  *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b).  "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."  *Prize Frize, Inc.  v.  Matrix (U.S.)  Inc.*, 167 F.3d 1261, 1266 (9th Cir.  1999).  "The failure to expressly indicate why one or more of the defendants have not joined in the removal notice renders a removal notice procedurally defective."  *Courtney v. Riverview School Dist. No. 407*, 2007 WL 4420937, at *2 (W.D. Wash. Dec. 17, 2007) (citing *Prize Frize*, 167 F.3d at 1266).

In this case, Defendant Stella Gates did not join or consent to the removal.  However,

Initials of Deputy Clerk  _sr_

Alcatel-Lucent fails to address whether or not this defendant has been served, and, if so, on what date. Therefore, Alcatel-Lucent has failed to file a proper removal notice. *See, e.g., Leuzzi v. Dollar Tree Stores, Inc.*, 2005 WL 2972982, *2 (E.D. Pa. Nov. 4, 2005) (remanding case and holding that "[a]lthough it is now clear that all defendants want this case to remain in federal court, the fact that they did not comply with the notice of removal's strict statutory requirements cannot be overlooked" where removing defendant did not include consent to removal by all defendants in its notice of removal).

For the foregoing reasons, the Court **REMANDS** this action to Los Angeles Superior Court. *See* 28 U.S.C. § 1447(c).  The Court **STAYS** this Order until **November 30, 2011.**  Because Plaintiff originally filed this action in Los Angeles Superior Court, the Court assumes that Plaintiff does not object to the remand of this action.  However, in the unlikely event Plaintiff wishes to remain in federal court and thereby waive the procedural defect discussed above, Plaintiff shall notify the Court in writing on or before **November 30, 2011.**  If Plaintiff instead prefers that this action be remanded to state court, Plaintiff may simply decline to file a waiver of the procedural defect.

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_